**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

OVIDIO A. DEANDRADE, CA No. 04-534S

Plaintiff

v.

TRANS UNION LLC,
EQUIFAX INFORMATION SERVICES LLC,
AND KEYBANK USA,

Defendants.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF LEWIS P. PERLING'S MOTION FOR ADMISSION PRO HAC VICE**

COMES NOW, Equifax Information Services L.L.C., by its undersigned counsel, and submits this Reply in further support of its Motion for Entry of Appearance *Pro Hac Vice* of Lewis P. Perling:

1. Equifax moves to have Mr. Perling admitted *pro hac vice* in this case pursuant to Local Rule 5(c). Equifax shows that the motion is well founded. Rule 5(c) states:

> *Admissions Pro Hac Vice.* Attorneys who are not members of the bar of this Court but who are members in good standing of the bar of another state and the bar of another Federal District Court, for good cause shown upon written motion of a party, may, in the Court's discretion, be admitted *pro hac vice* to represent that party in a given case, in accordance with this rule.

Mr. Perling complied with Local Rule 5(c)(1) and submitted the motion on the form available from the clerk including all the requisite statements The requisite admission fee was paid.

2. Plaintiff objects to Mr. Perling's admission and claims that he mislead the Court by stating on the "Attorneys' Certification" that he has never been sanctioned by any Court. However, Mr. Perling had no intention to mislead the Court. Mr. Perling did not recall any "sanction" against him personally in any case and does not recall seeing a copy of the transcript of the hearing in the *Moore* case prior to Mr. Lefebvre attaching it to Plaintiff's Response.[1] Mr. Perling did not recall the Judge there issuing a "sanction" or even using that term. To that extent, he made a mistake in the Motion to Admit and should have revealed that matter to the Court.

The *Moore* case involved a discovery dispute in which the Court Ordered Equifax to present an additional 30(b)(6) witness and for Equifax's counsel to pay for the transcription costs of the first deposition. There was no finding of fraud or bad faith. The Court did not issue a written sanction. There were no allegations or finding of a violation of Rule 11 or of a Rule or Code of Professional Conduct. Rather, this was a "discovery" sanction issued in a fairly typical dispute between

[1] Equifax notes that Plaintiff failed to present the entire transcript as pages 16 and 18 are missing.

the parties, the primary thrust of which was the proper scope of questions at a Rule 30(b)(6) deposition and the appropriate remedy for questions outside the scope of the deposition notice. Mr. Perling was required to pay the cost of a deposition transcript because The Honorable Judge Ward of the Eastern District of Texas felt strongly that Mr. Perling made improper objections at a deposition. Mr. Perling will be present at the hearing on this motion on June 27, 2005 should the Court seek further explanation of the matter.

Mr. Perling has never been sanctioned by any professional body or other Court in any of the over 400 cases he has handled for Equifax across the United States. Perling has never been convicted of a crime, failed to comply with an oath or affirmation of admission to a bar, been suspended from practice, reprimanded, disbarred or subjected to any disciplinary action.

3. The Local Rules regarding Admission Pro Hac Vice do not require disqualification or rejection of a petition if there has been a sanction against an attorney. See Local Rule 5(c). Further, the Court has broad discretion in these matters. See, e.g., *Ageloff v. Noranda, Inc.*, 936 F.Supp. 72 (D.R.I. 1996). Equifax urges the Court therefore to allow Mr. Perling's admission and reject Plaintiff's attempt to decide who can represent Equifax. Equifax chose Mr. Perling to represent the company based on his specialized knowledge, and Equifax

would lose that benefit if Perling is denied. Accordingly, there are sound reasons to grant Perling's motion.

This 22 day of June, 2005.

EQUIFAX INFORMATION
SERVICES LLC
By its attorneys,

Paul V. Curcio
Paul V. Curcio, #1965
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
Dated: June 22, 2005

Of Counsel:

Lewis Perling, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF LEWIS P. PERLING'S MOTION FOR ADMISSION PRO HAC VICE by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

Christopher M. Lefebvre, Esq.
Law Offices of Claude Lefebvre & Sons
PO Box 479
Pawtucket, Rhode Island 02862

Conrad M. Cutcliffe
Cutcliffe Glavin & Archetto
155 South Main Street
Suite 300
Providence, RI 02903

Bruce S. Luckman
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street
30th Floor
Philadelphia, PA 19103

Ian C. Ridlon
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903

Dated: June 22, 2005

[signature]



ATLLIB01 1902874.1