UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OVIDIO A. DEANDRADE<br>Plaintiff,<br>v.<br><br>TRANS UNION, LLC,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>and KEYBANK USA,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 04-534S |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the court is the Motion for Entry of Appearance Pro Hac Vice (Document #9) ("Motion"). The Motion is filed by Defendant Equifax Information Services, LLC ("Equifax"), and seeks the admission pro hac vice of Attorney Lewis P. Perling ("Mr. Perling"). Plaintiff Ovidio A. Deandrade ("Plaintiff") has filed an objection to the Motion. See Response to Motion for Entry of Appearance Pro Hac Vice by Attorney Lewis P. Perling (Document #10) ("Response"). The Motion has been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition. The court conducted a hearing on June 27, 2005. For the reasons stated below, I recommend that the Motion be granted.

**Facts and Travel**

On May 26, 2005, Equifax filed the instant Motion with an attached Attorney's Certification for Pro Hac Vice Admission (the "Certification"). Paragraph (2) of the Certification stated:

> (2) I have never been disciplined or sanctioned by any court or other body having disciplinary authority over attorneys and there are no disciplinary proceedings pending against me at this time. (If applicant has been sanctioned or disciplined, please provide a full explanation.)

Certification ¶ 2.

On June 2, 2005, Plaintiff filed his response to the Motion, challenging Mr. Perling's certification that he has never been sanctioned by any court. See Response at 1. Plaintiff has submitted a transcript of a January 13, 2004, hearing held in the United States District Court for the Eastern District of Texas, Marshall Division, in the matter of Deborah Moore v. CSC Credit Services, Inc., Civil Docket No. 2:02-CV-303 (the "Moore case"). The transcript reflects that United States District Judge T. John Ward strongly chastised Mr. Perling, see Transcript ("Tr.") at 11-16, for his conduct at a deposition which had apparently occurred the previous August, see id. at 11, and for not complying with a discovery order, see id. at 16.

In the course of administering the chastisement, Judge Ward stated:

> Now then, let me tell you what is going to happen. I'm sanctioning you to the extent that you are going to pay for the original copy of the transcript, and I am sanctioning your client to the extent that they are going to produce the witnesses at [plaintiff's counsel's] office. Those are the sanctions.

Tr. at 14.

Equifax filed a reply to Plaintiff's Response on June 22, 2005. See Defendant Equifax Information Services LLC's Reply in Support of Lewis P. Perling's Motion for Admission Pro Hac Vice ("Equifax Reply") (Document #12). In its reply, Equifax states that Mr. Perling did not intend to mislead this court, that he did not recall any sanction against him personally in any case, and that he did not recall seeing a copy of the transcript of the hearing in the Moore case prior to Plaintiff's counsel attaching it to Plaintiff's Response. See id. at 2.

At the hearing on June 27, 2005, Mr. Perling was allowed to address the court. Mr. Perling stated that he remembered being

directed by Judge Ward to discuss the matter with one or two lawyers in his firm[1] and being told that he was on probation[2] and that he would be required to pay for the transcript of the deposition.[3] He indicated that he did not remember Judge Ward using the word "sanction." In response to a question from the court as to whether he had personally paid for the transcript or whether the cost had been borne by his firm, Mr. Perling indicated that he was uncertain. Counsel for Equifax subsequently advised the court that Mr. Perling's firm had paid for the transcript.

**Discussion**

"It is well-settled that courts have wide discretion in determining the admission of out-of-state attorneys *pro hac vice.*" Ageloff v. Noranda, Inc., 936 F.Supp. 72, 78 (D.R.I. 1996). This court has determined that as part of the pro hac vice process an attorney must either certify that s/he has never been disciplined or sanctioned by any court or disclose fully such discipline or sanction. See Certification ¶ 2. Mr. Perling certified that he had never been sanctioned. See id. It is clear from the transcript that Judge Ward did in fact sanction Mr. Perling by ordering him to pay the cost of the original transcript. See Tr. at 14. Thus, I find that the certification made by Mr. Perling was inaccurate.

The more difficult question to be determined is whether Mr. Perling intentionally omitted the information about being sanctioned or whether he omitted it because of lack of memory or understanding as to what had occurred at the hearing before Judge

---

[1] The lawyers were Miles Alexander and Susan Cahoon. See Tr. at 13.

[2] See Tr. at 14.

[3] See id.

Ward. In the view of Plaintiff's counsel, as expressed at the hearing, Mr. Perling's contention that he did not remember being sanctioned personally is not believable.

Standing alone, Judge Ward's statement ("I'm sanctioning you to the extent that you are going to pay for the original copy of the transcript ...." Tr. at 14) seems sufficiently clear and recent enough that Mr. Perling should have remembered and disclosed it. However, when considered in the context of all of the remarks which the judge directed to him, its memorableness is lessened.

After making the statement, Judge Ward continued to chastise Mr. Perling, using language which could be fairly described as riveting. See id. at 14-15. The judge informed Mr. Perling that he was "on probation," Tr. at 14, and that if he failed to comply with the judge's order regarding the conduct of depositions, he would be barred from practicing law in the Eastern District of Texas pro hac vice and that neither he nor any member of his firm would be allowed to be admitted administratively to such practice, but would be required to file an application to be reviewed by Judge Ward, see id. at 14-15. Referring to this possibility, the judge stated:

> Now, if you want that kind of sanction on your record, then all you have to do is not comply with the rules.

Id. at 15.

The reprimand culminated with the explicit warning that failure to comply would result in a contempt hearing and that if Judge Ward found Mr. Perling was guilty of contempt the punishment would be imprisonment. See Tr. at 15 ("I will order you back over here for a contempt hearing, and when I do those kinds of things, I can assure you you will need to bring your toothbrush. I do not tolerate your kind of behavior, sir.").

This court finds it plausible that Mr. Perling, being on the

receiving end of a withering dressing down by a federal judge, concentrated on what he must do to avoid the more severe sanctions which the judge described and did not retain the fact that he had already been sanctioned by being required to pay for the transcript. Additionally, Judge Ward's allusion to having "that kind of sanction on your record ...," Tr. at 15, referring to something which had yet to occur, may have contributed to Mr. Perling's belief that he had not yet been sanctioned (or if he had been sanctioned it was not in a form which would appear "on his record" and necessitate formal reporting to other courts and/or organizations).

Lastly, this court attaches considerable weight to the fact that, other than the transcript, there appears to be no written order or opinion reflecting that Mr. Perling was sanctioned.[4] Given Mr. Perling's representation that he did not see a copy of the transcript until Plaintiff filed his Response in this case, there was no written document to drive home to Mr. Perling the fact that he had been sanctioned.

Under all the circumstances, the court is not convinced that Mr. Perling deliberately provided inaccurate information in connection with his application for pro hac vice status. Rather, the court accepts his explanation that he did not recall the statement that he was being sanctioned.[5] I find that he did not intentionally file a document containing a false statement with

---

[4] If such an order or opinion had been issued, the court would likely come to a different conclusion regarding the instant Motion.

[5] Now that the fact that he was sanctioned has been clearly and unmistakably brought to Mr. Perling's attention by provision of the transcript as well as by this Report and Recommendation, he must, of course, in the future disclose this fact to any court or body which requires it. Such disclosure will obviously be unpleasant for him, and the court sees no need to inflict additional punishment on him by denying the instant Motion.

this court. Accordingly, I recommend that his application for pro hac vice admission be granted. I further recommend that the request of Plaintiff's counsel for attorney's fees be denied.

**Conclusion**

Based on the foregoing, I recommend that the Motion be granted and that Plaintiff's objection be overruled. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 29, 2005