IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OVIDIO A. DEANDRE,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC;<br>EQUIFAX INFO. SERVICES, LLC; and<br>KEYBANK USA;<br><br>Defendants. | C.A. No: 04-534-S |

**TRANS UNION LLC'S LOCAL RULE 12.1(a)(1)**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, submits the following material facts for which there is no genuine issue to be tried.

1. Trans Union is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* (the "FCRA"). §1681a(f). Declaration of Eileen Little, para. 1, Exhibit "1" hereto ("Little Dec.")

2. In July 2001, plaintiff purchased windows for his house from NESCOR. See State Court Amended Complaint, para. 4, which is part of Exhibit "A" to Little Dec; Deposition of plaintiff, p. 19, Exhibit "2" ("Plaintiff's Dep. p. __"); Exhibit "3", Deposition of Plaintiff's wife Barbara Deandrade, pp. 10 and 16; ("Wife's Dep. p. __")

3. Plaintiff and his wife requested that NESCOR arrange mortgage financing for plaintiff to purchase the windows. Plaintiff's Dep. pp. 13-14 and 33-34. Plaintiff understood the financing would be a lien against the windows. Wife's Dep. p. 18.

4. Plaintiff never sought financing himself, only through NESCOR. Plaintiff's Dep. p. 14.

5. Plaintiff and his wife signed documents in connection with financing the purchase of the windows. Plaintiff's Dep. pp. 18-19.

6. Plaintiff was not told the identity of the bank which would eventually finance the purchase of the windows. Wife's Dep. pp. 10-11.

7. In August 2001, NESCOR advised plaintiff that it obtained financing. Amended Complaint, para. 10. The lender was Key Bank. Amended Complaint, paras. 10 and 11; See also Wife's Dep. p. 13 and Exhibit "4".

8. Plaintiff's first invoice from Key Bank was received in September 2001. Exhibit "4", Key Bank Invoice and coupons with notations.

9. The monthly payment charged by Key Bank was the amount plaintiff sought and to which plaintiff agreed; and See Wife's Dep. pp. 14-15; Plaintiff's Dep. pp. 35-37

10. Plaintiff received two invoices and then a coupon book from Key Bank and duly made twenty two (22) monthly payments to Key Bank from September 2001 to June 2003; Amended Complaint, para. 11; Wife's Dep. pp.13-14; Coupons with notations, Exhibit "4".

11. Plaintiff terminated payments to Key Bank because he did not think Key Bank had his signature on a paper. Plaintiff's Dep. pp. 37, 34 - 35.

12. Key Bank began reporting the account as delinquent after plaintiff stopped making the monthly payments. Plaintiff's Dep. pp. 47- 48.

13. Trans Union's reporting of the Key Bank account was accurate.

14. Trans Union timely and properly reinvestigated plaintiff's single dispute. Little Dec., passim.

15. Neither plaintiff nor his attorney called or wrote to Trans Union after his initial dispute was reinvestigated. Little Dec., para. 8.

16. Plaintiff adduced no evidence that Trans Union acted willfully or violated the FCRA with conscious disregard for his rights or that Trans Union acted with malice or intent to injure plaintiff.

Respectfully submitted,

~~CONRAD M. CUTCLIFFE~~
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*
Mark E. Kogan
Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*
DATED: May 12, 2006