**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **OVIDIO A. DEANDRADE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL NO. 04-534-S** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANS UNION, LLC;** | ) | |
| | ) | |
| **Defendant.** | | |

**PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF EILEEN LITTLE**

Now comes the Plaintiff in the above entitled matter and requests that the Court strike the Affidavit filed by Eileen Little. A detailed memorandum in support of said request is hereby attached and incorporated by reference.

**WHEREFORE,** Plaintiff prays that the Motion To Strike the Affidavit of Eileen Little br granted.

Ovidio A. DeAndrade
By his Attorney,

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **OVIDIO A. DEANDRADE** | ) | |
| **Plaintiff,** | ) | **CIVIL NO. 04-534-S** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANS UNION, LLC,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DECLARATION OF EILEEN LITTLE WHICH WAS FILED IN SUPPORT OF DEFENDANT'S, TRANS UNION LLC, MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant Trans Union LLC has filed a motion for summary judgment alleging that there is no issue of material fact. Plaintiff has objected to the motion for summary judgment and filed a memorandum of law in opposition to Defendant's motion. In support of it's motion for summary judgment, Defendant filed a "Declaration of Eileen Little" to which Plaintiff objects and has moved this Honorable Court to strike as being not in compliance with the requirements of FRCP Rule 56(e).

**ARGUMENT AND LAW**

The Declaration of Eileen Little should be stricken because it sets forth facts that would be inadmissible in evidence, fails to recite that it was made on personal knowledge of the affiant or that the affiant was competent to testify in the matters stated therein, contains arguments and conclusory assertions and referenced documents not authenticated. FRCP 56(e) reads in pertinent part as follows:

> **(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or

certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

**A. The Declaration Of Eileen Little Should Be Stricken Because It Sets Forth Facts That Would Be Inadmissible In Evidence.**

The affidavit of Eileen Little is fatally defective in that it sets forth facts that would be inadmissible in evidence because they constitute mere legal conclusions without any supporting facts. In Schubert v. Nissan Motor Corporation, 148 F.3d 25 (1st Cir. 1998) the Court ruled on the trial justice's decision to exclude an affidavit offered in opposition to a car manufacturer's motion for summary judgment in a products liability case. The affiant doctor's statement that an automobile accident victim's injuries were "consistent with the direct application of force to his back" held to be a mere legal conclusion without any supporting facts. Affidavits must set forth, said the Court, facts that would be admissible in evidence and the decision to exclude the affidavit was held not to be an abuse of discretion.

In the within case, the affiant states "pursuant to Trans Union's investigation policy and procedure, the investigator would have thoroughly reviewed all attachments to the dispute to determine whether the consumer requested deletion was appropriate 'per the documentation' supplied." The affidavit sets forth no facts as to describe the "investigation policy and procedure" and wrongfully assumes as a fact that the investigator "would have thoroughly reviewed all attachments to the dispute" (paragraph 5). Furthermore, she asserts in paragraph (6) that the investigator sent an automated dispute verification form to Key Bank, the furnisher of the account information. (Exhibit "C"). All of this testimony would be clearly inadmissible in evidence at trial as hearsay and, thus, the affidavit should be stricken.

**B. The Declaration of Eileen Little Should Be Stricken Because She Has Not Recited That It Was Made On Personal Knowledge Nor Shown Affirmatively That She Is Competent To Testify In The Matters Stated In Therein.**

The affidavit of Eileen Little should be stricken because it contains numerous references to matters to which she has not demonstrated she is competent to testify. She deposes that she is familiar with the history of plaintiff, his credit file and the "dispute with Trans Union." First, although she states that she is the "Group Manager of Trans Union" and has been employed there for over 25 years and is duly authorized to make the affidavit (paragraph 1), she fails to depose that she is familiar with the policy and procedures she references in paragraph (5). In Sweda International, Inc. v. Donut Maker, Inc., 13 Mass. App. Ct. 914, 430 N.E. 2d 439 (1982) the Court held that a lone affidavit submitted by the Defendant in opposition to the Plaintiff's motion for summary judgment was deficient where it failed to recite that it was made on personal knowledge of the affiant or show affirmatively that the affiant was competent to testify to the matters stated therein.

In the within case, the affiant has similarly failed to depose that her declaration was made on personal knowledge and she has not demonstrated that she was competent to testify to the matters stated therein and, thus, her affidavit should be stricken.

**C. The Declaration Of Eileen Little Should Be Stricken Because It Contains Arguments And Conclusory Assertions.**

The Affiant's unsubstantiated assertions of belief as to certain facts has no proper place in her affidavit in that they amount to mere legal conclusions and, thus, the affidavit should be stricken. In Stetson v. Board of Selectmen of Carlisle, 369 Mass. 755, 343 N.E. 2d 382 (1975), a petition for writ of certiorari was brought challenging the Plaintiff's discharge from his position as policeman for a town. The Plaintiff's affidavit stated that he believed that a pro-

spective employer was informed by the chief of police that he had lost his job because of alleged misconduct and that the Defendants were using retracted allegations as grounds for bad references. The Court held that the Plaintiff's statement of belief had no proper place in an affidavit for summary judgment and, furthermore, the judge did not have to accept an assertion of belief as an assertion of truth of the fact believed.

In the within case, the affiant jumps to the legal conclusion in paragraph (5) that "the content of the Amended Complaint and signed documents "appear to validate the loan." Her affidavit contains a further argument that the "investigator would have thoroughly reviewed all attachments to the dispute" to determine whether the consumer requested deletion was appropriate per the documentation supplied. This argument that the investigator would have come to the legal conclusion that the requested deletion was appropriate is inappropriate in the context of FRCP Rule 56(e) and, thus, the affidavit should be stricken.

**D. The Declaration of Eileen Little Should Be Stricken Because It Refers To Documents Which The Affiant Failed To Authenticate.**

The affiant's failure to authenticate certain internal and computerized documents offered in support of her testimony precludes consideration of those documents under FRCP Rule 56(e) and, thus, her affidavit should be stricken. In Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000), the Court held that to be admissible at the summary judgment stage of a proceeding, documents referenced in an affidavit must be authenticated by and attached to an affidavit that meets the requirements of the summary judgment rule. The failure to authenticate the documents, ruled the Court, precluded consideration of those documents.

The affiant in the within case failed to authenticate certain documents submitted as exhibits and referenced in her affidavit, to wit, the Trans Union investigator's acknowledgment

letter of a correspondence from Plaintiff's attorney and the account information of Key Bank. This failure to authenticate documents is fatal to the affidavit and, thus, the affidavit should be stricken.

**CONCLUSION**

For all of the foregoing reasons, the Declaration of Eileen Little should be stricken by this Honorable Court.

Respectfully submitted;

Christopher M. Lefebvre #4019
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**CERTIFICATION**

I, the undersigned, do hereby certify that on June 12, 2006, a true and accurate copy of the within MEMORANDUM OF LAW was mailed to:

Bruce S. Luckman
Timothy P. Creech
TRICHON, KOGAN,
& WERTHEIMER, P.C.
1818 Market St. 30th Floor
Philadelphia, PA 19103