**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OVIDIO A. DEANDRADE | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 04-534-S |
| | ) | |
| v. | ) | |
| | ) | |
| TRANS UNION, LLC; | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS SUBMITTED IN OPPOSITION TO TRANS UNION'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Plaintiff, Ovidio A. De Andrade hereby respond as follows to Defendant's Statement of Undisputed Material Facts submitted in support of its Motion for Summary Judgment.

1. The attached Exhibit A is a true and accurate copy of the letter and complaint that was sent to Trans Union and received by it prior to the filing to the instant Federal Court lawsuit.

2. Trans Union did not forward a copy of the Amended Complaint and Exhibits referenced in Exhibit A attached hereto, to KeyBank at anytime during it's reinvestigation of the Plaintiff's dispute.

3. Trans Union did not inform KeyBank that Plaintiff had filed a lawsuit challenging the validity of the underlying KeyBank debt and was alleging that the mortgage was fraudulently procured at anytime during it's reinvestigation of the Plaintiff's dispute.

4. Trans Union relied exclusively on the information provided to it by KeyBank in response to it's ACDV in verifying that the KeyBank obligation belonged to Plaintiff.

5. Trans Union continued to report the derogatory KeyBank disputed debt for at least 6 months after receiving Plaintiff's July 16, 2004 correspondence referenced above.

6. The investigation of the Plaintiff's dispute with KeyBank was handled in accordance with Trans Union's normal policies and procedures.

7. As part of Trans Union's automated dispute process, it took Plaintiff's 49 pages of documentation referenced in Exhibit A and reduced it to a 2 digit code informing KeyBank that the customer was complaining that the account "was not his".

8. During it's reinvestigation of Plaintiff's dispute Trans Union made no attempts to contact the Plaintiff, his spouse, his attorney, a principle or agent of Nescor, or the notary that supposedly witnessed the mortgage documentation to obtain additional facts or for further verification of the allegations surrounding Plaintiff's dispute with KeyBank.

Ovidio A. DeAndrade
By his Attorney,

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

## CERTIFICATION

I, the undersigned, do hereby certify that on the 12th day of June, 2006, a true and accurate copy of the above Plaintiff's statement of Additional Undisputed Facts was mailed to:

Bruce S. Luckman
Timothy P. Creech
TRICHON, KOGAN,
& WERTHEIMER, P.C.
1818 Market St. 30th Floor
Philadelphia, PA 19103