**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OVIDIO A. DEANDRADE<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC;<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 04-534-S |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS SUBMITTED IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Plaintiff, Ovidio A. De Andrade hereby respond as follows to Defendant's Statement of Undisputed Material Facts submitted in support of its Motion for Summary Judgment.

1. Trans Union is a consumer reporting agency as defined by the Fair Credit reporting act, 15 U.S.C. 1681 et seq. ( the FCRA). §1681a(f). Declaration of Eileen Little, para 1, Exhibit "1" hereto ("Little Dec.")

**RESPONSE:** Admitted

2. In July 2001, Plaintiff purchased windows for his house from NESCOR. See State Court Amended para.4 which is part of Exhibit A to Little Dec; Deposition of Plaintiff, p.19, Exhibit 2 (Plaintiff's Dep.p_); Exhibit 3, Deposition of Plaintiff's Wife Barbara Andrade, pp.10 and 16;(Wife's dep.p_)

**RESPONSE:** Admitted

3. Plaintiff and his Wife requested that NESCOR arrange mortgage financing for Plaintiff to purchase the windows. Plaintiff's Dep.pp 13-14 and 33-34. Plaintiff understood the financing

would be a lien against the windows. Wife's dep.p. 18.

**RESPONSE:** Admitted

4. Plaintiff never sought financing himself, only through NESCOR. Plaintiff's dep.p.14

**RESPONSE:** Admitted

5. Plaintiff and his Wife signed documents in connection with financing the purchase of the windows. Plaintiff's Dep.pp. 18-19.

**RESPONSE:** Admitted

6. Plaintiff was not told the identity of the bank which would eventually finance the purchase of the windows. Wife's Dep.pp.10-11.

**RESPONSE:** Admitted

7. In August 2001, NESCOR advised Plaintiff that it obtained financing. Amended Complaint, para.10. The lender was Key Bank. Amended Complaint, paras. 10 and 11; see also Wife's dep.p. 13 and Exhibit 4.

**RESPONSE:** Admitted as to the first sentence of this material fact. Denied as to the remaining allegation. The Plaintiff did not know about any loan with Key Bank until September 2001 when Plaintiff and his wife began receiving monthly statements from Key Bank. Amended Complaint, para. 10.

8. Plaintiff's first invoice from Key Bank was received in September 2001. Exhibit 4, Key Bank invoice and coupons with notations.

**RESPONSE:** Admitted

9. The monthly payment charged by Key Bank was the amount Plaintiff sought and to which Plaintiff agreed, and see Wife's dep.pp.14-15; Plaintiff's dep.pp.35-37

**RESPONSE:** Admitted

**CERTIFICATION**

I, the undersigned, do hereby certify that on June 12, 2006, a true and accurate copy of the attached Plaintiff's Response To Statement Of Undisputed Material Fact Filed My Trans Union was mailed to:

Bruce S. Luckman
Timothy P. Creech
TRICHON, KOGAN,
& WERTHEIMER, P.C.
1818 Market St. 30th Floor
Philadelphia, PA 19103

S:\WPFILES\Fair Credit Reporting Cases\Deandrade vs. Equifax, TU, KeyBank\Objection MSJ.wpd