# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OVIDIO A. DEANDRADE<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC;<br>EQUIFAX<br>INFORMATION SERVICES, LLC;<br>and KEYBANK USA;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 04-534-S |

**ANSWERS TO INTERROGATORIES PROPOUNDED BY TRANS UNION, LLC ON PLAINTIFF (FIRST SET)**

1. State your full name, any nicknames or other names (including aliases) which you have used and the periods during which each name was used, current address Social Security Number(s) and previous addresses over the last ten (10) years, including the dates when you lived at or otherwise used each address.

**Answer**: Ovidio A. DeAndrade a.k.a. Ovidio A. Andrade, 10 Warwick Street East Providence, R.I. 02914 1997-to date); prior address 215 Sutton Ave. East Providence, R.I. 02914, ss# 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.

2. Do you contend that Trans Union has, at any time, generated a Consumer Report or File Disclosure about you which contained information which you allege is/was false, misleading

and/or inaccurate? If the answer to this question is anything other than an unqualified "no", identify each such item of information and Report or File (by date).

**Answer**: A TU report showing the inaccurate and false information regarding the KeyBank account was generated and provided to Chase Mortgage on or about 10/16/04 and was pulled by Land America Credit Service ( I believe on behalf of my mortgage broker at Priority Mortgage) on behalf of two other mortgage companies on or about 12/15/2004 and 11/29/2004.

3. With respect to each item of information set forth in your answer to 2 above, set forth separately and in detail the basis of your contention that such information is/was false, misleading and/or inaccurate and identify all documents which refer to such contentions.

**Answer**: As mentioned during my deposition, the mortgage documentation regrading KeyBank was fraudulently procured by our prior home improvement contractor. My wife and I never signed any documents granting a mortgage or any other relief in favor of KeyBank. The derogatory KeyBanK tradeline adversely affected my credit score and prevented me from refinancing my home at a favorable interest rate for several months. Once TU removed the KeyBank entry, my credit scores rose significantly and I was able to refinance my mortgage at a lower rate. I was previously paying a mortgage due Citizens bank with a note rate of 7.875%, APR of 9.162% with a monthly principle and interest payment of $739.91 which included $79 monthly in PMI insurance. I was trying to refinance to get a better rate and to eliminate the PMI monthly payment. After the KeyBank entry was removed, I was able to refinance with First

Horizon without any PMI at a note rate of 5.5%, APR of 5.632% and monthly payment of $584.83.

4. Do you contend that Trans Union has, at any time, generated for and/or provided your Consumer Report to any credit grantor, person or entity? If so, identify each such credit grantor and Report (by date) and identify all documents which refer to such contention.

**Answer**: See answer to interrogatory #2 above.

5. Do you contend that Trans Union has, at any time, negligently disregarded facts which would show information generated in a Consumer Report or File Disclosure to be false, misleading and/or inaccurate? If so, identify each such item of information and Report or File (by date).

**Answer**: TU received the letter from my lawyer along with the 49 pages of documentation to support my position that the KeyBank entry on my credit report was procured by fraud. I sent an exact letter to Experian. They immediately, within 5 days, removed the KeyBank entry from my Experian Report. TU did absolutely no investigation regarding my allegations of fraud and did not bother to forward any documentation to the furnisher, KeyBank. These actions were clearly negligent at the very least and most probably willful under the FCRA. TU converted my 49 page dispute to a simple two digit code telling the furnisher "not his/hers".

6. Do you contend that Trans Union has, at any time, willfully or intentionally disregarded facts which would show information generated in a Consumer Report or File Disclosure to be false, misleading and/or inaccurate? If so, identify each such item of information and Report or File (by date).

**Answer:** Absolutely. See answer to Interrogatory # 5 above. TU had a duty to conduct and independent investigation regarding the detailed allegations contained in my lawsuit filed against KeyBank. TU was put on notice that the veracity of the reporting of the Keybank debt was questionable at best. TU willfully ignored it's duties and obligations under the FCRA and as a result thereof caused me financial loss. I believe that TU regularly dismisses consumer disputes and fails to give them the attention that the FCRA requires.

7. With respect to each item of information set forth in your answer to 5 and 6 above, set forth separately and in detail the basis of your contention that Trans Union had knowledge that such information was false, misleading and/or inaccurate and that Trans Union negligently or willfully, wantonly or intentionally disregarded it and identify all documents which refer to such contentions.

**Answer**: TU had sufficient information available to them having received a copy of a detailed lawsuit filed in the Superior Court of Rhode Island involving the alleged KeyBank debt. They should have deleted the entry based on detailed allegations in the complaint and the documentation provided therein.

8. Do you contend that you or your agents or attorneys, at any time, notified Trans Union orally or in writing that your Consumer Report or File contained an inaccuracy, error and/or incorrect information? If your answer is anything but an unqualified "no":

a) describe in detail the nature of the alleged inaccuracy, error or incorrect information;

b) state the date and method of such notifications;

c) identify the person who communicated such information and the Trans Union employee to whom the notification was made; and

d)identify all documents which refer to the facts or information provided in your answer to subpart a-c above, including all documents which demonstrate or establish that the alleged information was/is inaccurate.

**Answer**: See letter dated July 16, 2004 and received by TU on July 29, 2004 which was produced by TU in it's initial disclosures.

9. State in detail all facts which you contend support any allegations that Trans Union maintained allegedly negative false information despite written request to delete. Identify all documents which refer to your answer to this interrogatory.

**Answer**: TU received the letter referenced in interrogatory # 8 and continued to report the derogatory KeyBank entry as further referenced in interrogatory # 2 above.

10. With respect to each allegation in your Complaint regarding Trans Union's negligent willful, wanton or intentional conduct and/or violation of the Fair Credit Reporting Act or any

state law, state separately and in full detail the subject provision of the Act or other law, the basis of such allegation and identify all documents which refer to such allegation.

**Answer**: TU already has this information readily available in it's possession. Plaintiff refers to the detailed statutory sections referenced in his complaint.

11. Identify every credit grantor or other person or entity with whom you have applied for credit and/or loans (individual or jointly) or have agreed to guarantee, co-sign, or accept assignment of the loan of another in the last five years and for each such credit grantor and/or loan state:

a) date or approximately date of your application or guarantee;

b) name(s), (individual, corporate, jointly, or otherwise) under which you applied;

c) purpose of the loan (i.e. commercial, personal, consumer, retail);

d) date credit was granted or denied;

e) if credit was granted, account number and, if subsequently closed, the date account closed, together with reason account closed;

f) if an application was denied, state the reason given for denial of credit; and

g) identify all documents which refer to such applications, accounts, and/or grant or denial of credit. (If an application or grant or denial of credit was oral, identify the credit grantor's employee who conveyed such information.

**Answer:** To the best of my knowledge, other than the mortgages referenced in answer to Interrogatory # 2, in the last five years I have applied for other credit and/or loans with:

1) Capital One - I was denied a credit card in January 2004. I assume the denial was a result of the derogatory reporting by KeyBank as I had otherwise impeccable credit. See document produced in response to TU's request for production.

2) MBNA Platinum Plus Master Card - In May of 04 I was denied a credit card with MBNA. I once again assume the denial was a result of the derogatory reporting by KeyBank as I had otherwise impeccable credit. See document produced in response to TU's request for production.

3) GMC - auto loan approved and subsequently paid in full. This loan was taken in the year 2003.

12. If you contend that any act of Trans Union has caused or contributed to your inability or impaired your ability to obtain business or employment, state precisely what business or employment, the circumstances of your seeking such business, or employment and identify the respective business or employer involved and identify all documents which refer to your inability to obtain such business or employment.

**Answer**: Not applicable.

13. State your occupation and salary and identify each employer (including self-employment) you have had during the last seven (7) years and state the sources and amount(s) of income other than such salary for this period and identify all documents which refer to such employment and income.

**Answer:** I work at Homestead Baking Company, 145 North Broadway, Rumford, RI 02916. I have worked for Homestead for approximately 9 years as a general worker on 3rd shift. For the calendar year of 2004 I earned $38,500 in gross wages from said employer. I have no other source of income.

14. If you have discussed the allegations made in you Complaint with any person other than an attorney, identify every person with whom your have had such a discussion and state the date and substance of each such discussion and identify all documents which refer to such discussions.

**Answer**: My wife and my mortgage broker, John Teixeira from Priority Mortgage, 14 Hayward Street, Cranston, RI. See letter from Mr. Teixeira to my lawyer dated January 19, 2005 which was provided in my initial disclosures.

15. If you contend that you have required medical treatment of any kind as a result of any act or failure to act by Trans Union, state precisely the condition treated identify the treating physician (including psychologist) and the nature of your symptoms along with any diagnosis made by any such treating physician or psychologist and state whether you had any history of such symptoms or diagnosis prior to any act or failure to act by Trans Union and identify all documents which refer to such treatment and/or diagnosis.

**Answer**: Not applicable.

16. State precisely the nature and amount of each special, financial, economic, or other such damage(s) you claim to have personally suffered, including any financial opportunities you claim to have missed, the manner by which such damage(s) was calculated, and identify all documents which refer to your answer to this interrogatory.

**Answer:** I have suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials. The damages in relation to having to pay a higher mortgage payment for a period of time are further outlined in the answer to Interrogatory #2.

17. Identify every person you intend to call as a witness at trial, including expert witness, and identify every person known to you that has any knowledge about the facts and/or circumstances of the allegations made in your Complaint and identify all documents which refer to your response to this interrogatory.

**Answer**: I plan on calling my mortgage broker, John Texeiria, my wife, my expert Richard Lefebvre and unknown witnesses of TU. These individuals have knowledge of the facts referenced in my complaint.

18. Identify other lawsuits or other legal proceedings (civil or criminal) in which you have been a party, witness, or were otherwise involved, from 1992 to the present, including for each suit or legal proceeding the date, case number, the name of the court, the style of the case, the subject matter of the case, your role in the suit or proceeding, the amount in controversy, the Court's holding, if any, and the amount of damages awarded or the terms of any settlement.

**Answer**: I am also a Plaintiff in a lawsuit brought against Chase Mortgage Co. Pending in the Northern District Court in Chicago, entitled Deandrade v. Chase Manhattan Mortgage

Corporation, CA 04-C8229 . This is a class action case involving alleged violations of the FCRA and ECOA. The damages sought are statutory in nature. The case is still pending. I was also a Plaintiff in the state case against KeyBank that I have referenced repeatedly herein.

19. State with particularity each and every fact with which you contend supports your claim for punitive damages and for each fact, identify each and every person with knowledge of such fact and identify each and every document which evidences, constitutes, or refers to such fact.

**Answer:** . See answer to Interrogatory # 5 and #6 above.

Ovidio A. DeAndrade
By his Attorney,

9/21/05
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

# VERIFICATION

I, Ovidio De Andrade hereby state that I have reviewed the answers to the interrogatories and response to document requests propounded to me by Trans Union. The answers contained therein are true and accurate to the best of my knowledge and belief.

Ovidio de Andrade
Ovidio DeAndrade

**CERTIFICATION**

I, the undersigned, do hereby certify that on the 21st day of September, 2005, a true and accurate copy of within was mailed to:

Timothy P. Creech
TRICHON, KOGAN,
& WERTHEIMER, P.C.
1818 Market St. 30th Floor
Philadelphia, PA 19103
(215)575-7600; Fax (215) 575-7688