**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OVIDIO A. DEANDRADE,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC;<br>EQUIFAX INFO. SERVICES, LLC; and<br>KEYBANK USA;<br><br>Defendants. | ) | C.A. No: 04-534-S |

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO STRIKE DECLARATION OF EILEEN LITTLE**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in Opposition to Plaintiff's Motion to Strike:

Plaintiff's Motion to Strike should be denied because the Declaration of Eileen Little satisfies all of the substantive requirements of Rule 56(e). Ms. Little first affirms she is "familiar with … the history of plaintiff Ovidio Deandrade's credit file and dispute with Trans Union. Declaration, para. 2. Ms. Little also states she supervises the Priority Processing Department which processed the dispute. *Id.* at para. 3. The letter and Automated Consumer Dispute Verification ("ACDV") form sent by her Priority Processing Department are attached to the Declaration as Exhibits "B" and "C" and identified by Ms. Little. *Id.* at para. 4. Ms. Little's identification of records from Trans Union's file created by a department she supervises satisfies the requirements of Rule 56(e) and the Rules of Evidence. Finally, Ms. Little states she reviewed Trans Union's records. Para. 8

The cases cited by plaintiff in support of his Motion to Strike are entirely inapposite. For example, in Schubert v. Nissan Motor Corporation, 148 F.3d 25 (1st Cir. 1998), the court of appeals held that an expert medical doctor cannot assume that an automobile crash resulted in metal bending and surmise whether or that a body came into contact with such metal to cause injury. Quoting the district judge, the court of appeals stated there was no abuse of discretion where the doctor's opinion constituted: "pure assertion of a conclusion without any disclosure of a foundation for it." 148 F.3d at 31. Likewise the court of appeals upheld the district judge's rejection under Rule 56(e) of a mechanical engineer's affidavit because he acknowledged at deposition no personal knowledge of whether a defective metal bar came into contact with the injured plaintiff. As such the court of appeals held, his "admission demonstrated that [his] opinion testimony did not rest on an adequate factual foundation to constitute reliable opinion testimony." *Ibid.* Ms. Little on the other hand reviewed all documents and supervised the Department which processed the dispute and created the documents.

Sweda International, Inc. v. Donut Maker, Inc., 13 Mass.App.Ct. 914, 430 N.E.2d 439 (1982), also cited by plaintiff, fails to limn the issue because there is no useful description of the challenged affidavit, simply a ruling that the affidavit "was deficient because it failed to recite that it was 'made on personal knowledge' or that the 'affiant is competent to testify to the matters stated therein.'" Neither challenge applies instantly.

Finally, plaintiff relies upon Carmona v. Toldeo, 215 F.3d 124 (1st Cir. 2000) to assert that the documents attached to the Little Declaration should be stricken because they are not "authenticated." This contention is frivolous. First, plaintiff has asserted throughout that his counsel sent Trans Union the "49 page" dispute, which is exhibit "A" to the Little Declaration. Plaintiff cannot seriously assert that the copy of his dispute is not authentic. Next, the Little

Declaration attaches and identifies the ACDV form (Exhibit "B") sent to Key Bank in response to Exhibit "A", and an acknowledgement letter sent to plaintiff's counsel, Exhibit "C". Plaintiff's claim and Opposition relies largely on his complaints about the content of that ACDV. As such, his assertion that the document is not authentic is unfounded and unreasonable.

Most important, the Little Declaration expressly identifies each document and states she has "reviewed Trans Union's records" and is familiar with plaintiff's dispute. (See Declaration, paras. 2, 3, 4, 6, 7 and 8). In Carmona, *supra*, the defendant moved for summary judgment submitting only an unsworn statement and an exhibit, also unsworn, "comprising the [defendant] police department's file". 215 F.3d at 128. No affidavits were submitted. The court rejected the materials because neither satisfied Rule 56(e) or even purported to be an affidavit.

Plaintiff did not depose Ms. Little. Her Declaration, however, confirms she has over twenty five (25) years as a Trans Union employee and is authorized to make the Declaration on its behalf. Declaration, para. 1. Contrary to the paid experts in Schubert or the apparently clueless affiant in Sweda, Ms. Little's Declaration is based upon unchallenged personal knowledge about issues concerning a department she supervises and documents (attached) she confirmed she reviewed. The Declaration demonstrates she is competent to testify to such matters at trial and the document is therefore Rule 56(e) compliant and the Exhibits duly presented:

> To be admissible at the summary judgment stage, "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." 10A Charles A. Wright et al., Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.). Quoted in Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)

Also, Ms. Little is plainly a person through whom the documents are admissible at trial:

> Exhibits that have been properly made a part of an affidavit are also considered by courts. In fact, Rule 56(e) requires that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit. This means that if written documents are relied upon they actually must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence. 10A Wright § 2722; Cummings v. Roberts, 628 F.2d 1065 (8th Cir. 1980); Macklin v. Butler, 553 F.2d 525 (7th Cir. 1977); Ramsay v. Cooper, 553 F.2d 237 (1st Cir. 1977).

Nolla Morell v. Riefkohl, 651 F. Supp. 134, 140 (D.P.R. 1986), See also, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990) and 10A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2722 at 382 (3d ed. 2006 Update).

Instantly, the Little Declaration complies fully with the letter and spirit of Rule 56 and Federal Rule of Evidence 901. (Rule 901 states in pertinent part: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.")

In any event, to paraphrase the court of appeals, plaintiff calumnizes the Little Declaration for trying to state too much, "but [he is] attempting to slide into home plate without ever having reached second base." Garside v. Osco Drug, Inc., 895 F.2d 46, 47 (1st Cir. 1990) Paragraph 5 of the Declaration contains the sole language fairly subject to plaintiff's Motion because it may be deemed to "surmise" that the Trans Union investigator "would have thoroughly reviewed" the dispute attachments. However, striking that provision gains plaintiff nothing.

Trans Union's Motion for Summary Judgment demonstrated and plaintiff has now admitted all material facts necessary to establish plaintiff ratified the Key Bank Loan and therefore the reporting was accurate. Thus, with or without the criticized portions of the Little Declaration, Trans Union is entitled to judgment as a matter of law, the reporting of Key Bank is and was accurate and the details of the reinvestigation therefore not implicated.

**CONCLUSION**

For all the above reasons and authorities, Defendant Trans Union LLC respectfully requests that this Court deny plaintiff's motion to strike.

Respectfully submitted,

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*
Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*
DATED: June 29, 2006

CERTIFICATION

I, the undersigned, hereby certify that on the 29th day of June, 2006, a copy of the within document was mailed to Christopher M. Lefebvre, Esquire, P.O. Box 479, Pawtucket, Rhode Island 02862.

Kevin C. Glavin, Esquire