**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OVIDIO A. DEANDRADE,<br><br>Plaintiff,<br>v.<br><br>TRANS UNION LLC;<br>EQUIFAX INFO. SERVICES, LLC; and<br>KEYBANK USA;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No: 04-534-S |

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S NOVEMBER 29, 2006 REPORT AND RECOMMENDATION**

Plaintiff's Objection to the Magistrate Judge's November 29, 2006 Report and Recommendation (Dkt# 48) should be overruled because plaintiff has failed to identify a single issue of fact or legal error by the Court. Instead, plaintiff has attempted to make new assertions which are attorney arguments, largely inconsistent with the record or simply unfounded.

Because there is and was no disputed issue of material facts, the Magistrate Judge's legal determination set forth in the Report and Recommendation should be adopted.

The Magistrate Judge correctly determined that the disputed Key Bank account was ratified by plaintiff and the reporting by Trans Union accurate because plaintiff failed to reject the Key Bank loan and:

> Instead Plaintiff accepted a benefit and made monthly payments on the debt for the next twenty-two months, thereby failing to repudiate the act which enabled him to receive the benefit. Cf. Ciccone v. Pitassi, No. Civ.A. PB 97- 4180, 2004 WL 2075120, at *12 (R.I. Super. Aug. 13, 2004) (explaining that proof of

> ratification requires that "the principal must receive 'something to which he would not be entitled unless an act purported to be done for him were affirmed, and to which he makes no claim except through such act") (quoting Restatement (Second) Agency, §98); id. (Stating that "the principal must fail to repudiate the act at the time of receipt") (Quoting Restatement (Second) Agency, §98)(Dkt#48, p. 14)

As such, the Magistrate Judge correctly held that absent an inaccuracy, plaintiff's FCRA claim fails as a matter of law:

> Because Plaintiff ratified the debt to Key Bank, Trans Union's reporting of the status of that debt was accurate. Since Trans Union accurately reported the status of Plaintiff's debt to Key Bank, Plaintiff's FCRA claim against Trans Union cannot succeed. Spence v. TRW, Inc., 92 F. 3d 380, 382 (6th Cir. 1996); Wadlev v. Ford Motor Credit Co., 397 F.Supp.2d 781, 784 (E.D. Va. 2005); Wadlev v. Equifax Info. Servs., LLC, 396 F.Supp.2d 677, 679 (E.D. Va. 2005); Dauster v. Household Credit Servs., Inc., 396 F.Supp.2d 663, 664 (E.D. Va. 2005); see also Wantz v. Experian Info. Solutions, 386 F. 3d 829, 834 (7th Cir. 2004); Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991). Accordingly, Trans Union is entitled to summary judgment, and I so recommend. (Dkt #48, p. 15)

The Magistrate Judge's recommendation is well founded and supported by the established precedent cited in the Report and Recommendation. Moreover, the Magistrate Judge carefully considered all of plaintiff's factual allegations, both at oral argument and in the papers. In fact, plaintiff does not here object to the requirement of an inaccuracy in an FCRA case, only that ratification was not established.

Plaintiff's Objection improperly relies upon unfounded new assertions respecting the ratification issues. Because the Objection contains attorney argument raising "new" factual contentions, the Objection should be disregarded and overruled.

Plaintiff for the first time argues that the twenty two (22) payments were made under the "mistaken notion that plaintiff was satisfying his obligation to NESCOR." (See Objection, pp. 8-9) Actually, that notion was correct. NESCOR was owed money for the windows – that's why the loan was requested by plaintiff and arranged by NESCOR. The "new" assertion of a mistake is conclusory and unfounded attorney argument not supported by document, deposition testimony or affidavit. Not surprisingly, there is no citation to the record to support the new "mistake" assertion.[1] Moreover, this attorney argument is not reasonable in the face of the twenty two payments made using Key Bank coupons and by checks plaintiff made out to Key Bank. In fact, the assertion is contrary to and irreconcilable with the position taken in Plaintiff's original Opposition to Summary Judgment which stated:

> Shortly thereafter NESCOR notified Plaintiff and his wife that alternative financing for the windows had been obtained. Plaintiff began receiving a payment coupon book from KeyBank in an amount that was consistent with the terms of the agreement with NESCOR. **Plaintiff made voluntary payments to KeyBank.** (Dkt#37, p.2)(emphasis supplied)

Thus, the new unfounded contention that the payments to Key Bank were somehow a "mistake" should be disregarded outright.

In any event, even if fact based, which it is not, the new twist on the story is improper in the context of an objection. A review of the Magistrate's Report by a District Judge does not permit consideration of issues not raised before the magistrate:

> Appellant tells us that Rule 72(b)'s requirement of a "de novo determination" by the district judge means that an entirely new

[1] Plaintiff's wife's Affidavit suggested that the "mistake" was the belief that there was a "contractual liability" between Key Bank and Plaintiff. (See Dkt#s42/46, para. 11) The "mistake" now suggested by counsel is nowhere to be found and is, in fact, no mistake at all.

> hand is dealt when objection is lodged to a recommendation. That is not so. At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate. *Accord* Borden v. Secretary of HHS, 836 F.2d 4, slip op. at 4 (1st Cir. 1987).

Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990-991 (1st Cir. 1988); *see also* Fireman's Ins. Co. v. Todesca Equip. Co., 310 F.3d 32, 38 (1st Cir. 2002)

Plaintiff's new and unfounded assertions, not previously raised ought to be rejected. See Paterson-Leitch, *supra*.

Plaintiff's second new assertion is that plaintiff did not receive a benefit from Key Bank so the Magistrate Judge's finding of ratification was wrong. Objection, Dkt. #50 p. 8. However, plaintiff's new assertion denying any "benefit" is likewise without any basis in the record or reality. As cogently explained by the Magistrate Judge:

> The windows were installed in Plaintiff's home, see Plaintiff's Dep. at 15, and Plaintiff knew that he owed the contract price for them, *see id*. at 45-47. When he received the first invoice from Key Bank, Plaintiff learned that Key Bank was providing the financing with monthly payments in the amount Plaintiff had requested, see id. at 33-36. (Dkt#48, p. 13)

Plaintiff admits receipt of the windows for an agreed price and asking for a secured loan at an agreed monthly payment to pay NESCOR for the windows. Plaintiff concedes receiving the original loan to pay NESCOR for the windows from CONSECO, but that CONSECO charged to high a monthly rate. Plaintiff admits that the CONSECO loan was repaid by NESCOR and then a new loan for the same amount, but at the agreed terms "had been obtained"

from Key Bank. (See original Opposition, Dkt#37, p. 2) The "benefit" received, as noted by the Magistrate Judge, was the loan proceeds from Key Bank to pay NESCOR for the windows.

Without explanation or any commercially reasonable basis, plaintiff now denies that the receipt of the Key Bank loan funds (which discharged the NESCOR window payment obligation) was a "benefit" to plaintiff. The contention is unsound and of course not explained. The undisputed materials facts are that a second (Key Bank) loan promptly replaced the first CONSECO loan. Otherwise the windows would not have been paid for and plaintiff's obligation to NESCOR not discharged. (NESCOR did not volunteer the windows or the money.) The borrowed money for the windows is the ***benefit*** underlying the ratification. Plaintiff's contrary assertion is unfounded and irrational.

Plaintiff's third new assertion is that he was ignorant of his finances and his wife handled all such matters. (Objection, Dkt#50, p. 7) While there may be some support in the record for the new excuse, the circumstances presented do not avoid ratification. Plaintiff's claim that the element of "knowledge of the transaction" is missing fails because he does not identify any ***material*** part of the transaction about which he lacked knowledge. In any event, his new assertion that finances were really his wife's job, more than anything else in the papers to date, confirms why ratification is just instantly. Plaintiff's decision to confer his wife and NESCOR full proxy to install and finance the windows effectively bars him from challenging the financial arrangements which were put in place, or put in place without his knowledge. In any event, the law requires knowledge of the material terms of the financial arrangement being ratified – the amount, security and terms of the loan....all of which are present here. (See Report and

Recommendation, Dkt# 48, p. 13, cogently and correctly reciting the undisputed "material" facts.)

The remainder of the Objection is merely a repeat of plaintiff's unsuccessful opposition which recounts FCRA reinvestigation duties, none of which is germane here because the reported item was accurate. Trans Union respectfully adopts its Memorandum in Support of Summary Judgment and Reply Memorandum, Dkt#s 32 and 43)

**CONCLUSION**

For all the foregoing reasons and authorities above, Trans Union respectfully requests that the well-reasoned Report and Recommendation of Magistrate Judge Martin be accepted and adopted and plaintiff's claim be dismissed.

Respectfully Submitted,

/s/________________________________

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: January 2, 2007

**CERTIFICATION**

I, the undersigned, hereby certify that a true and accurate copy of the within was mailed to Christopher M. Lefebvre, Esquire, P.O. Box 479, Pawtucket, Rhode Island 02862 on this 3rd day of January, 2007.

/s/____________________________

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.