**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **OVIDIO A. DEANDRADE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. 04-534 S** |
| | : | |
| **TRANS UNION, LLC;** | : | |
| **EQUIFAX INFORMATION SERVICES, LLC;** | : | |
| **and Key Bank USA;** | : | |
| **Defendants** | : | |

**PLAINTIFF'S POST ORAL ARGUMENT MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Now comes Ovidio A. Deandrade, Plaintiff in the above entitled matter, and respectfully submits this Post-Oral Argument memorandum of law in support of his objection to the Magistrate's Report and Recommendation filed November 29, 2006 recommending the granting of Defendant Trans Union LLC's ("Trans Union") Motion for Summary Judgment.

An objection to a magistrate judge's report and recommendation on a motion for summary judgment is reviewed by the district court on a *de novo* basis. Fed. R. Civ. P. 72(b); Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 12-13 (1st Cir.1992). *De novo* review is statutorily and constitutionally required and, where circumstances indicate that the district court has not conducted this review following timely objections, the case must be remanded for compliance with the statute. U.S. v. Orrego-Fernandez, 78 F.3d 1497 (10th Cir. 1996).

In conducting de novo review, the Court exercises independent consideration of the facts before it, Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983), and may receive further evidence if necessary. Nolasco v. U.S., 358 F.Supp.2d 224 (D.C.N.Y 2004). *See also* Ordner v. K-H Corp., 74

F.Supp.2d 150, 156 (D.R.I. 1999)(district court affirmed magistrate's decision denying summary judgment for entirely different reason, based upon statements made by counsel at oral argument).

Here, it was clearly argued that "Plaintiff did not ratify the fraudulent Key Bank note and mortgage, because Plaintiff has never acknowledged the validity of any loan obligation in favor of Key Bank. A valid ratification can be predicated only upon a **full and fair disclosure** of whatever act or conduct is sought to be ratified." *Memorandum in Support of Objection to Magistrate's Report*, page 8 (citations omitted). As more fully set forth at the oral argument, the Magistrate's conclusion that Plaintiff somehow ratified the disputed Key Bank obligation is in direct conflict with fundamental truth in lending principles. It is undisputed that this consumer transaction ( installation of windows) involved the placing of a mortgage on Plaintiff's principle residence. Accordingly, in order for ratification to have occurred the mortgage transaction would had to comply with the stringent disclosure requirements of the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA").[1] The concept of ratification of a disputed mortgage transaction cannot be reconciled with the protections afforded to homeowners under the TILA.

TILA requires creditors to make clear and accurate disclosures of the financing terms and borrower's rights" *See* Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 118 S.Ct. 1408 (1998). For loan transactions involving security interests in a debtor's primary residence, the borrower is also entitled to a three day right of rescission, 15 U.S.C. § 1635(a)(3) and can demand that the creditor rescind the mortgage. *See* 15 U.S.C. § 1635(a). Belini v. Washington Mut. Bank, FA, 412 F.3d 17, 20 (1st Cir.2005). Courts have consistently required strict compliance with the required disclosures

[1] Plaintiff did not sue KeyBank under TILA because he alleges that no valid loan was ever consummated, a necessary element for the triggering of the TILA disclosures.

and terminology of TILA. *See* Herrera v. First N. Sav. & Loan Ass'n, 805 F.2d 896, 899-900 (10th Cir. 1986); Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1379-80 (11th Cir. 1984); April v. Union Mortgage Co., 709 F. Supp. 809, 811 (N.D. Ill. 1989). Because of this "strict liability" standard, "even a consumer who has not actually been deceived may nevertheless seek relief under TILA." Williams v. Empire Funding Corp., 109 F. Supp.2d 352, 357 (E.D. PA, 2000). *Accord*, Mars v. Spartanburg Chrysler Plymouth, Inc., 713 F.2d 65, 67 (4th Cir.1983).

Had a valid mortgage transaction occurred regarding the purchase of the windows, KeyBank would have been required to provide the following disclosures to Plaintiff: (1) the identity of the creditor; (2) the "amount financed"; (3) the "finance charge"; (4) the annual percentage rate; (5) the "total of payments"; (6) the schedule of payments; (7) the "total sale price", (8) explanations of these terms; and (9) identification of any security interest. 15 U.S.C. § 1638(a). KeyBank would also be required to provide Mr. Deandrade two copies of his 3 day Notice of Right to Cancel the transaction.

There is nothing in the record to even remotely suggest that the Plaintiff was aware of each of these material disclosures as defined under the TILA. Accordingly, ratification could not have occurred since a "full and fair disclosure" of the terms of the Key Bank loan never took place. At a minimum, such "full and fair disclosure" would have included the statutory disclosure requirements of the TILA as outlined above. Ratification of an alleged fraudulent mortgage transaction that would have been subject to the TILA in the absence of fraud is simply not possible[2]. The contrary conclusion of the Magistrate is simply untenable and should be reversed by this Court.

---

[2]TILA does provide for a waiver or modification regarding receipt of the Notice of Right to Cancel in circumstances where the extension of credit is needed for a personal financial emergency. *See* Reg Z 226.23 (e). No such "emergency" factors are present in this case.

For these reasons, Plaintiff submits that the Motion for Summary Judgment must be denied.

OVIDIO A. DEANDRADE
By His Attorneys
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

/s/ Christopher M. Lefebvre #4019
P.O. Box 479
Pawtucket, RI 02862
Tel. (401) 728-6060
Fax. (401) 728-6534

**CERTIFICATION**

I hereby certify that on February 20, 2007 I electronically filed the within SUPPLEMENTAL MEMORANDUM OF LAW with the Clerk of the District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Conrad M. Cutcliffe, Esq., Kevin Glavin, Esq., Cutcliffe, Glavin & Archetto, 155 S. Main St., Suite 300, Providence, RI 02903-2963 and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None.

s/ Christopher M. Lefebvre

*S:\WPFILES\Fair Credit Reporting Cases\Deandrade vs. Equifax, TU, KeyBank\Supplemental Post-Trial Memo.wpd*