**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OVIDIO A. DEANDRADE,<br><br>Plaintiff,<br>v.<br><br>TRANS UNION LLC;<br>EQUIFAX INFO. SERVICES, LLC; and<br>KEYBANK USA;<br><br>Defendants. | ) | C.A. No: 04-534-S |

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S POST ORAL ARGUMENT MEMORANDUM**

Neither plaintiff's original complaint nor his Objection to the Magistrate Judge's November 29, 2006 Report and Recommendation (Dkt# 48) made a single reference to purported TILA rights. Indeed, plaintiff's state court complaint against Key Bank failed to make any such claim.[1] Incredibly, the very first reference to TILA was on February 8, 2007, at the very end of oral argument on plaintiff's Objection to the Magistrate Judge's Report and Recommendation that summary judgment be granted in favor of Trans Union. At that time, plaintiff first suggested that any ratification of the underlying loan might some how vitiate plaintiff's TILA rights.

[1] Oddly, plaintiff tries to excuse the failure to timely assert TILA by denying the loan was valid itself – see "Post Trial Brief, p.1, ftn 1: "Plaintiff did not sue KeyBank under TILA because he alleges that no valid loan was ever consummated, a necessary element for the triggering of the TILA disclosures." That assertion calls into question the substance and good faith nature of his instant (new) contentions that TILA protects him from ratification instantly.

Because plaintiff's TILA rights, including any putative right to recession, were never exercised, plaintiff's assertion was untimely under the TILA. Most important, because any TILA rights expired three (3) years after the August 2001, the assertion was too late to rescue his case from summary judgment and wrong as a matter of law.

First, review of the Magistrate's Report by a District Judge does not permit consideration of issues not raised before the magistrate:

> Appellant tells us that Rule 72(b)'s requirement of a "de novo determination" by the district judge means that an entirely new hand is dealt when objection is lodged to a recommendation. That is not so. At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate. *Accord* Borden v. Secretary of HHS, 836 F.2d 4, slip op. at 4 (1st Cir. 1987).

Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990-991 (1st Cir. 1988); *see also* Fireman's Ins. Co. v. Todesca Equip. Co., 310 F.3d 32, 38 (1st Cir. 2002) Plaintiff's new and unfounded assertion that his TILA rights prevent ratification, was not previously raised and therefore ought to be rejected. See Paterson-Leitch, *supra*. Plaintiff's citation to Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 14 (1st Cir. 1992) to support his untimely assertion of TILA is misplaced and confusing. There, the Court of Appeals dismissed the appeal of a remand order for lack of jurisdiction. The Court of Appeals also pointed out plaintiff failed to file a timely objection to the Magistrate Judge's ruling. A case dismissed for want of jurisdiction in which no objections were filed does not support plaintiff's contentions instantly.

In an effort to circumvent the failure to timely raise the TILA contention, plaintiff wrapped the assertion in the guise of protecting plaintiff and other consumers from unfair precedent which might abrogate significant consumer rights. However, plaintiff's putative TILA rights expired long before the Magistrate Judge rightly found ratification. Thus, the ratification ruling can be adopted without any reference to TILA.

First, TILA rights, such as the right to recession are not automatic – each must be exercised and then agreed to or the right enforced by the court or an arbitrator. As the court of appeals explained in Large v. Conseco Fin. Servicing Corp., 292 F.3d 49, 54 (1st Cir. 2002)

> Neither the statute nor the regulation establishes that a borrower's mere assertion of the right of rescission has the automatic effect of voiding the contract.

Moreover, the process is "private" and only involves the federal court if the parties disagree about the process:

> The rescission process is intended to be private, with the creditor and debtor working out the logistics of a given rescission. See Belini v. Wash. Mut. Bank, 412 F.3d 17, 25 (1st Cir. 2005). . . . Should disagreements ensue or problems arise, either party may repair to a federal court. See Large v. Conseco Fin. Svcg. Corp., 292 F.3d 49, 52-53 (1st Cir. 2002).

McKenna v. First Horizon Home Loan Corp., 2007 U.S. App. LEXIS 1901, 7-8 (1st Cir. 2007),

Here, plaintiff's TILA rights, if any, were not timely exercised and expired in 200**4**. 15 U.S.C. § 1635 (f), Right of rescission as to certain transactions, provides in pertinent part:

> **Time limit for exercise of right. An obligor's right of rescission shall expire three years after the date of consummation of the transaction** or upon the sale of the property, whichever occurs first, **notwithstanding the fact that the information and forms**

> **required under this section or any other disclosures required under this chapter [15 USCS §§ 1631 et seq.] have not been delivered to the obligor,** (irrelevant exceptions omitted)(emphasis supplied)

Simply put, the 3 year window to rescind expired before plaintiff ever reference TILA

Plaintiff's State Court complaint admittedly failed to assert any TILA violation, but does confirm that the transaction was "consummated" in August 2001:

> Upon information and belief, on or about August 22, 2001 NESCOR contacted Defendant KeyBank USA to obtain a new mortgage loan against the Plaintiffs' home to finance the remodeling project.
>
> In September 2001 Plaintiffs began receiving monthly statements from Defendant KeyBank USA. Until recently, the Plaintiffs have been making monthly payments to Defendant based upon their mistaken belief that contractual liability exists between the parties.

As such, the "three year window" to exercise his putative TILA rights ran no later than September 2004. Plaintiff's dispute to Trans Union was July 2004 and contained absolutely no reference to TILA. Plaintiff's instant action was filed in December 2004 (Dkt. #1), after the TILA rights, if any, expired and failed to make any reference to a TILA claims or rights. Any right plaintiff had to assert under TILA to defeat ratification (or the loan) were lost (expired) because they were never exercised.

Plaintiff's effort to assert expired TILA rights against Trans Union in this FCRA case is an absolute perversion of TILA and the FCRA. That is, plaintiff did not trigger any TILA rights and therefore, there were no TILA defenses to the Key Bank loan or TILA challenges to plaintiff's liability under the loan. Accordingly, the grant of summary judgment does not

implicate TILA rights of plaintiff or any other possible consumer. (It is respectfully submitted, the Court's adoption of the Report can note that plaintiff never exercised his TILA rights, if any, and that the ratification decision was made without regard to and well after all such rights expired. Such language will protect the consumers about which plaintiff's counsel raised a concern.)

The ratification determination here, confirming accuracy for FCRA purposes, was correct and did not and cannot impact any TILA rights of a consumer.

**CONCLUSION**

For all the foregoing reasons and authorities above, Trans Union respectfully requests that the well-reasoned Report and Recommendation of Magistrate Judge Martin be accepted and adopted and plaintiff's claim be dismissed.

Respectfully Submitted,

_/s/____________________________

CONRAD M. CUTCLIFFE
KEVIN GLAVIN
CUTCLIFFE, GLAVIN & ARCHETTO
155 S. Main St., Suite 300
Providence, RI 02903-2963
(401) 454-1900; Fax: (401) 331-7001

*Of Counsel:*

Bruce S. Luckman
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant, Trans Union LLC*

DATED: March 2, 2007

**CERTIFICATION**

I hereby certify that a copy of the Opposition to Plaintiff's Post Oral Argument Memorandum was electronically mailed to the following counsel of record this 2nd day of March, 2007:

| | |
|---|---|
| Paul V. Curcio | pcurcio@apslaw.com |
| Christopher M. Lefebvre | Clbankrupt@aol.com |
| Ian C. Ridlon | iridlon@burnslev.com |
| Jeffrey K. Techentin | jtechentin@apslaw.com |

_/s/________________________________
Kevin C. Glavin, Esquire